
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BGI LIFE INC., a Florida corporation, | No. 11-56910 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-06822-ODW-AJW |
| v. | |
| AMERICAN GENERAL LIFE INSURANCE COMPANY, a Delaware corporation, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted August 29, 2013[**]
Pasadena, California

Before: GOULD and RAWLINSON, Circuit Judges, and HUCK, Senior District Judge.[***]

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Paul C. Huck, Senior District Judge for the United States District Court for the Southern District of Florida, sitting by designation.

Plaintiff-Appellant BGI Life, Inc. ("BGI") appeals the district court's grant of summary judgment to American General Life Insurance Company ("AG") on BGI's action alleging, among other things, breach of contract and breach of the covenant of good faith and fair dealing stemming from AG's refusal to reinstate a BGI-owned life insurance policy ("the Policy") held by Sameha Rajab. We have jurisdiction under 28 U.S.C. § 1291. We affirm the district court on all claims and theories except one: the district court did not address BGI's argument that AG breached the contract when BGI did not receive a contractually-required notice that the Policy was in its grace period and would lapse upon continued non-payment of premiums. We vacate and remand summary judgment on that point alone, and we retain jurisdiction over any further appeal.

**I**

The Policy lapsed for non-payment of premiums in February 2009. AG initially denied BGI's application for reinstatement in light of Rajab's "health history and the admitted fact she had not followed-up with a physician since March 2006," but offered to reconsider its decision if given further information. AG formally declined to reinstate the Policy after BGI provided evidence only that Rajab had seen a doctor more recently than 2006.

To prevail on its claim that AG breached the contract by refusing to reinstate the Policy, BGI must show (1) evidence of insurability satisfactory to AG, and (2) that AG's denial of reinstatement was arbitrary or capricious. *See Ryman v. Am. Nat'l Ins. Co.*, 488 P.2d 32, 40 (Cal. 1971). It can do neither.

BGI produced virtually no evidence of Rajab's insurability, and certainly not enough to satisfy the reasonable insurer. *See id.* Before formally declining to reinstate the Policy, AG warned BGI of its concerns about Rajab's insurability; it also told BGI it was planning to deny reinstatement multiple times. The one-page note indicating that Rajab had visited a doctor at least once in the past three years was not enough to satisfy AG's concerns. That is a problem of BGI's own creation.

Nor was AG's decision to deny reinstatement arbitrary or capricious. Given Rajab's age and history of serious medical problems, it was not unreasonable for AG to have concerns about her insurability. AG's analysis of—and decision to deny—the reinstatement application was objectively reasonable and in compliance with both the Policy and California law. Further, there is no evidence that the decision to deny reinstatement was made in bad faith. AG did not breach the covenant of good faith and fair dealing.

**II**

Alternatively, BGI argues that American General breached when it did not mail a contractually-required notice that the Policy was in its grace period and would lapse upon continued non-payment of premiums. The parties submitted conflicting evidence regarding their bookkeeping procedures for sending and receiving mail, but the district court's summary judgment order contains no analysis of BGI's grace period notice theory. Accordingly, we cannot discern the reasoning of the district court on this point and decline to rule definitively on it. *See Sheehan v. City & Cnty. of S.F.*, 743 F.3d 1211, 1234 (9th Cir. 2014) ("[W]e decline to address the defendants' alternative arguments because they have not been passed upon by the district court.").

Because there is no formal, signed pretrial order, we cannot tell if the district court's comments at the August 8, 2011, pretrial conference were meant to limit BGI's breach of contract claim to the denial of reinstatement by striking the grace period notice argument as an issue to be tried. We cannot tell if the district court granted summary judgment to AG in part because it concluded that BGI's grace period notice theory was not fairly presented by the pleadings. We cannot tell if the district court concluded that there was no dispute as to any material fact regarding the mailing of the grace period notice, despite BGI's testimony to the

4

contrary. We cannot tell if some other issue relating to the grace period notice motivated the district court's grant of summary judgment.

Because the record is ambiguous as to whether the district court intended to grant summary judgment to AG on BGI's grace period notice theory, and as to whether the district court considered that theory fairly presented by the pleadings, we vacate and remand the district court's grant of summary judgment to AG on that point alone. *See Senger v. United States*, 103 F.3d 1437, 1444 (9th Cir. 1996). We do so to permit the district court (1) to hold whatever proceedings it thinks may be helpful, and (2) to give its reasoning with respect to BGI's grace period notice theory in the first instance.

This panel retains jurisdiction over any future appeal on this matter.

Each party shall bear its own costs on appeal.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**